Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES

| SUCN. JULIO C. VALENTÍN LUGO<br><br>Apelantes<br><br>v.<br><br>SUCN. GENOBEBA VALENTÍN LUGO<br><br>Apelados | KLAN202200387 | *APELACION* procedente del Tribunal de Primera Instancia, sala de Utuado<br><br>Caso número:<br>L AC2011-0003<br><br>Sobre:<br>Partición de Herencia |
|---|---|---|

Panel especial integrado por su presidenta, la juez Rivera Marchand, el juez Salgado Schwarz y la juez Aldebol Mora[1].

Aldebol Mora, Juez Ponente

# SENTENCIA

En San Juan, Puerto Rico, a 11 de diciembre de 2023.

Comparece la parte apelante, Sucesión de Julio César Valentín Lugo, y nos solicita que revoquemos la *Sentencia Parcial* emitida por el Tribunal de Primera Instancia, Sala Superior de Utuado, el 22 de febrero de 2022, notificada el día 4 de marzo del mismo año. Mediante dicho dictamen el foro primario declaró Ha Lugar la solicitud de sentencia sumaria parcial promovida por la Sucesión de Genobeba Valentín Lugo. Ello, en un pleito sobre partición de herencia.

Por los fundamentos que exponemos a continuación, se confirma el dictamen apelado.

## I

El 2 de febrero de 2011, Julio C. Valentín Lugo (Julio César Valentín), representado por su apoderada Elba Valentín Rey (Elba Valentín), incoó una *Demanda* sobre liquidación de comunidad de bienes por herencia en contra de Genobeba Valentín Lugo (Genobeba), Heriberto Valentín Lugo (Heriberto), Andrea Valentín Lugo (Andrea), Carmen Zaida Valentín Lugo (Carmen) y la sucesión de Luis Manuel Valentín Lugo (sucesión de Luis

---

[1] Mediante Orden Administrativa OATA-2023-001 de 9 de enero de 2023, se designó a la Hon. Waleska Aldebol Mora en sustitución de la Hon. Ivelisse Domínguez Irizarry.

Valentín).[2] Indicó que su padre, Julio Valentín Lugo (Valentín), falleció el 27 de enero de 1955 en Arecibo, Puerto Rico, teniendo como esposa a Ramona Lugo Serrano (Lugo Serrano), quien falleció posteriormente, dejando como herederos a Genobeba, Heriberto, Julio César, Andrea, Santiago, Carmen, Nilda Margarita, Juan Calíope y Luis Manuel, todos de apellidos Valentín Lugo. Sostuvo que, estos eran dueños en común proindiviso de los bienes de la herencia, cuyo único bien sujeto a partición era una finca sita en Utuado, Puerto Rico.[3] Por otro lado, a la Sucesión de Julio Valentín se le añaden Milagros y Ramon Valentín Sánchez. Arguyó que poseía y dominaba mayoritariamente el bien sucesoral.

Posteriormente, el 7 de febrero de 2012, la demanda fue enmendada con el propósito de incluir como demandados a la sucesión de Heriberto, quien falleció el 6 de octubre de 2011 y a la sucesión de Juan Calíope, quien falleció el 11 de junio de 2006.[4] Así mismo, la demanda fue enmendada en una segunda ocasión para sustituir a Julio César Valentín, ello a causa de su fallecimiento el 20 de marzo de 2011.[5] En esta última, la parte apelante indicó que Julio César Valentín, en vida, compró las participaciones hereditarias de la herencia de su padre a sus hermanos: Genobeba, Heriberto, Luis Manuel, Andrea, Carmen Zaida, Nilda Margarita, Juan Calíope y Santiago. Por otro lado, señaló que los otros dos hijos de Julio Valentín, Milagros y Ramon Valentín Sánchez, vendieron mediante documentos privados sus participaciones a Ramona Lugo Serrano, previo al fallecimiento de esta.[6] Alegó que esta, a su vez vendió su participación ganancial, más su correspondiente usufructo, a Julio César Valentín mediante la Escritura Número 73 del 22 de noviembre de 1976. El 15 de agosto de 2019, la demanda fue enmendada nuevamente con el propósito de añadir a la Sucesión de Genobeba y la Sucesión de Carmen Zaida, debido a que estas habían fallecido.[7]

---

[2] Apéndice 12 del recurso, págs. 41-43.
[3] Íd., pág. 41.
[4] Apéndice 13 del recurso, pág. 44-46.
[5] Apéndice 14 del recurso, pág. 47-56.
[6] Íd, pág. 52.
[7] Apéndice 30 del recurso, págs. 183-193.

Por su parte, el 11 de enero de 2013, Andrea y Heriberto Valentín Montijo[8], presentaron *Contestación a la Demanda*.[9] Alegaron que Santiago era incapaz y no estaba apto para tomar decisiones y su porción de la herencia acrecentaba la de sus hermanos, por lo cual negaron que Julio César Valentín hubiera adquirido esa participación. Además, rechazaron que el bien en controversia, la finca sita en Utuado, fuera el único bien sujeto a partición.[10]

Posteriormente, el 15 de marzo de 2013, la parte apelada Noel Valentín Montijo[11] contestó igualmente la demanda y añadió que existía un panteón familiar en el cementerio de Utuado que pertenecía a la Sucesión Valentín Lugo, pero que los apelantes lo estaban utilizando como si fuera propiedad única y exclusiva de estos. Alegó que dicho bien era parte del caudal relicto de las Sucesiones de Julio Valentín y Ramona Lugo y que no era propiedad exclusiva de los apelantes.[12]

El 15 de noviembre de 2016, los apelados enmendaron la contestación a la demanda y sometieron una reconvención. En esta plantearon que, cada vez que se le solicitaba a la Sucesión de Julio César Valentín los documentos pertinentes a la compraventa de las participaciones, estos le informaban que no habían sido aceptados por el tribunal. Además, exigieron su participación en la renta devengada de varias propiedades del caudal en, al menos, los últimos diez (10) años. Indicaron que tales bienes consistían en dos locales dedicados a negocios de venta y comida, los cuales devengaban una renta de $900.00 mensuales y cuatro apartamentos de vivienda con una renta de $250.00 mensuales, para un total de $228,000.00 recibidos en dichos años, sin que les pagaran a los demás herederos lo que les correspondía. Además de reclamar la referida cuantía, solicitaron el pago por concepto de daños.[13]

---

[8] Estos son parte de la Sucesión de Heriberto Valentín Lugo.
[9] Apéndice 15 del recurso, págs. 57-59.
[10] Apéndice 23 del recurso, págs. 134-138.
[11] Este forma parte de la Sucesión de Heriberto Valentín Lugo.
[12] Apéndice 26 del recurso, págs.152-172.
[13] Apéndice 23 del recurso, pág. 134-138.

Luego de varias incidencias procesales, el 30 de marzo de 2016, la parte apelada presentó una réplica en la cual cuestionó la validez y admisibilidad de los documentos privados donde alegadamente se adquirieron las participaciones en la herencia. Sostuvo que la autenticidad de dichos escritos estaba en controversia.[14]

Así las cosas, el 22 de noviembre de 2016, el Tribunal de Primera Instancia emitió una *Resolución* mediante la cual admitió los diez (10) documentos que los apelados plantearon estar en controversia.[15] En desacuerdo, la parte apelada acudió ante este Foro intermedio mediante apelación, acogida como *certiorari*, con denominación alfanumérica KLAN201700184. En el citado recurso, señaló que el foro primario erró al decretar la admisibilidad de los referidos documentos ofrecidos por los aquí apelantes, toda vez que no se presentó prueba que acreditara su autenticación prima facie, ello en cumplimiento con lo requerido por las Reglas de Evidencia de Puerto Rico, 32 LPRA Ap. VI. Por su parte, los apelantes arguyeron que tales documentos eran originales y que los aquí apelados no presentaron prueba alguna para impugnar las firmas de los comparecientes en los mismos.

Evaluado el recurso, un panel hermano emitió una *Sentencia* en la cual determinó que le asistía la razón a la parte apelada. En consecuencia, revocó la determinación del foro primario y devolvió el caso para que se celebrara una vista evidenciaria.[16]

Celebrada la vista, el 13 de febrero de 2019, el foro *a quo* emitió una *Resolución* mediante la cual decretó inadmisibles los documentos referentes a la compraventa de las participaciones hereditarias entre los hermanos de Julio César Valentín y este. A su vez, declaró inadmisible el documento en el que se pretendía probar el presunto traspaso de las participaciones hereditarias de Milagros y Ramón Valentín Sánchez a Lugo Serrano.[17]

---

[14] Apéndice 16 del recurso, págs. 60-61.
[15] Apéndice 24 del recurso, págs. 139-147.
[16] Apéndice 26 del recurso, págs. 152-172.
[17] Apéndice 28 del recurso, págs. 174-181.

Luego de varios trámites procesales, el 21 de mayo de 2021, la parte apelada instó una *Moción de Sentencia Sumaria Parcial.*[18] Solicitó que se llevara a cabo la partición y adjudicación de la herencia, ello basado en que los documentos privados que ofreció la parte apelante sobre las compraventas no constituyeron prueba suficiente para demostrar que Julio César Valentín adquirió la mayoría de las participaciones en la herencia de su padre. Alegó que dichos documentos tampoco establecieron con exactitud la dimensión del caudal hereditario.[19] A su vez, sostuvo que la parte apelante no logró demostrar que Julio César Valentín adquirió los bienes reclamados mediante el otorgamiento de una escritura pública, según exigido por el Código Civil de Puerto de 1930, 31 LPRA sec. 1 *et seq.*, vigente al momento de los hechos y reiteró que ninguno de los herederos que presuntamente vendieron sus participaciones recibieron el pago correspondiente.

Por su parte, el 22 de julio de 2021, los apelantes se opusieron y presentaron una solicitud de sentencia sumaria a su favor.[20] Adujeron que la parte apelada incumplió con los requisitos de la Regla 36 de Procedimiento Civil, 32 LPRA Ap. V, R. 36.[21] Además, argumentaron que Julio César Valentín adquirió la finca número 17056, sita en Utuado,

---

[18] Apéndice 32 del recurso, págs. 199-287.

[19] Íd., págs.199-287. Junto a su moción, la parte apelada presentó los siguientes documentos: (1) Transcripción de deposición de Andrea Valentín Lugo; (2) Resolución sobre Información de Dominio emitida el 18 de septiembre de 1979 en el Caso Civil Núm. TS-76-1758; (3) Escritura Núm. 17 sobre compraventa de derechos y acciones otorgada el 15 de abril de 2008 por Santiago Valentín Lugo a favor de Elba Iris Valentín Rey, en representación de Julio César Valentín Rey. Véase, Apéndice 32 del recurso, págs. 210-287.

[20] Apéndice 33 del recurso, págs. 288-382. Junto a su moción, la parte apelante presentó los siguientes documentos: (1) Resolución emitida el 22 de noviembre de 2016 en el Caso Núm. LAC2011-0003; (2) Minuta de la vista evidenciaría celebrada el 11 de octubre de 2016 en el Caso Núm. LAC2011-0003; (3) Resolución *Nunc Pro Tunc* sobre Declaratoria de Herederos emitida el 15 de febrero de 2007 en el Caso Núm. LICI200600179; (4) Notificación de defunción o donación del Departamento de Hacienda; (5) Certificación de Cancelación de Gravamen Contributivo; (6) Resolución sobre Declaratoria de Herederos emitida el 5 de diciembre de 2013 en el caso núm. L1CI201300186; (7) Resolución sobre Declaratoria de Herederos emitida el 5 de diciembre de 2013 en el Caso Núm. L1CI200600179; (8) Notificación electrónica y Sentencia emitida el 28 de febrero de 2018 en el Caso Núm. KLAN201700184; (9) Resolución sobre información de dominio emitida el 18 de septiembre de 1979 en el Caso Núm. TS-76-1758; (10) Resolución *Nun Pro Tunc* sobre Información de Dominio en el Caso Núm. TS-76-1758; (11) Notas marginales de la finca 17,056 del Registro de la Propiedad; (12) Escritura Núm. 73 sobre compraventa de derechos y acciones otorgada el 22 de noviembre de 1976 por Ramona Lugo Serrano; (13) Escritura Núm. 18 sobre compraventa de derechos y acciones otorgada el 19 de abril de 2008 por Nilda Margarita Valentín Lugo a favor de Elba I. Valentín Rey. Véase, Apéndice 33 del recurso, págs. 312-382.

[21] Apéndice 33 del recurso, págs. 288-382.

mediante un procedimiento de expediente de dominio y que esta fue inscrita, por lo que invocaron la doctrina de la prescripción adquisitiva. Sobre ese particular, especificaron que, a la fecha de la presentación de la demanda en el año 2011, habían transcurrido treinta y dos (32) años desde la inscripción registral. A su vez, invocaron la misma doctrina respecto a la participación hereditaria correspondiente a la finca de 11.4053 cdas. Según arguyeron, Julio César Valentín había adquirido de su madre el cincuenta por ciento (50%), mediante la Escritura Núm. 73 y había permanecido en posesión de esta por más de treinta (30) años.[22] Por último, la parte apelante sostuvo que había prescrito o que no existía el derecho de la parte apelada a reclamar rentas por las propiedades arrendadas, ya que ninguna de estas estaba incluida en el caudal hereditario, por ser bienes privativos de Julio César Valentín.

Evaluadas las posturas de las partes, el 22 de febrero de 2022, notificada el 4 de marzo de 2022, el Tribunal de Primera Instancia, emitió la *Sentencia Parcial* que nos ocupa.[23] Mediante dicho dictamen, el foro primario declaró Ha Lugar el petitorio sumario promovido por la parte apelada. Concluyó que la parte apelante fue incapaz de derrotar la solicitud de la parte apelada a través de prueba que fuera admisible o que pudiera llegar a serlo. Particularizó que la parte apelante no contó con la prueba suficiente que demostrara que la finca objeto del expediente de dominio y la finca de 11.4053 cdas., eran bienes privativos y exclusivos de esta. Expresó que no fue persuasivo el argumento en oposición a las rentas devengadas por el arrendamiento de dichas propiedades. Por ello, ordenó la continuación de los procedimientos y autorizó al contador partidor a llevar a cabo las operaciones correspondientes para proceder con la partición de la herencia.[24]

Posteriormente, el 16 de marzo de 2022, la parte apelante compareció mediante *Moción de Reconsideración* en la cual solicitó: (1) se reconociera

---

[22] Íd., págs. 288- 382.
[23] Apéndice 34 del recurso, págs. 383-389.
[24] Íd., pág. 388.

que la parte apelante adquirió mediante escritura pública la participación ganancial mas el correspondiente usufructo de Ramona Lugo Serrano y las participaciones de Nilda Margarita Valentín; (2) determine que las participaciones adquiridas por la parte apelante mediante escrituras públicas les pertenecen a estos; (3) se reconozca que la parte apelante ha estado en posesión de la finca numero 17056, por mas de 30 años siendo de aplicación la doctrina de usucapión extraordinaria; (4) se aplique la norma establecida por el Tribunal Supremo en el caso de *Molina González v. Álvarez Gerena,* 2019 TSPR 191, 203 DPR __ (2019) en el cual estableció que las rentas reclamadas por comuneros se empiezan a computar desde la fecha en que se interpone la reclamación judicial y (5) se emita determinaciones de hecho y conclusiones de derecho.[25] El 21 de abril de 2022, notificada el 26 de abril de 2022, el Tribunal de Primera Instancia, emitió una resolución mediante la cual declaró No Ha Lugar la *Moción de Reconsideración*.[26]

Inconforme con dicha determinación, el 24 de mayo de 2022, la parte apelante acudió ante nos mediante el recurso de epígrafe y realizó los siguientes señalamientos de error:

> Erró el Honorable Tribunal de Primera Instancia, al decretar No Ha Lugar, la "Moción en Oposición a que se dicte Sentencia Sumaria Parcial y Solicitud para que se dicte Sentencia Sumaria Parcial a favor de la parte demandante", presentada el 22 de julio de 2021, por la parte apelante y determinar: "Al amparo de la Regla 42.2 (b) de Procedimiento Civil de Puerto Rico, 32 LPRA Ap. V, R. 42.2 (b), el Tribunal considera innecesario especificar los hechos probados y consignar separadamente sus conclusiones de derecho."

> Erró el Honorable Tribunal de Primera Instancia al [d]escartar la admisibilidad de la escritura número 73 del 22 de noviembre de 1976, en Manatí, Puerto Rico, ante el notario público Amílcar Abreu Román y la escritura número 18 del 19 de abril de 2008, en Utuado, Puerto Rico, ante el notario público Ricardo Morales Maldonado y no reconocer la titularidad y protección legal de la adquisición de dicha participación hereditaria, que brindan los referidos instrumentos público[s].

> Erró Honorable el Tribunal de Primera Instancia al [d]escartar la admisibilidad de las Resoluciones sobre el Expediente de Dominio, las que también fueron admitida[s] mediante la Sentencia del Tribunal Apelativo, notificada el 8 de marzo de 2018. No reconocer la titularidad y protección legal, que luego

---

[25] Apéndice 36 del recurso, págs. 391-404.
[26] Apéndice 37 del recurso, págs. 405-406.

de 31 años de inscrita en el Registro de la Propiedad, la Finca número 17056, Folio 247, Tomo 366 de Utuado, concede a favor de los apelantes y despojarlos de la misma, habiendo estado inscrita a su favor y su anterior dueño por más de 31 años.

Erró el Honorable Tribunal de Primera Instancia al [c]onceder el derecho a la parte apelada a solicitar rentas, sin que los apelados invocasen su reclamación por la vía judicial y por escrito, no siendo hasta la radicación de su reconvención radicada el 15 de noviembre de 2016, que procedieron a reclamar rentas, todo ello en contravención a lo dispuesto en Molina González [v]. Alvares Gerena, 2019 TSPR 191.

En cumplimiento con nuestra *Resolución* del 25 de mayo de 2022, el 23 de junio de 2022, Andrea Valentín Lugo y otros miembros de la Sucesión de Heriberto Valentín Lugo, comparecieron mediante *Alegato en Oposición.*

Con el beneficio de la comparecencia de las partes, procedemos a resolver.

**II**

**A**

El mecanismo de sentencia sumaria provisto en la Regla 36 de Procedimiento Civil de 2009, 32 LPRA Ap. V, R. 36, es un vehículo para asegurar la solución justa, rápida y económica de un caso. *Serrano Picón v. Multinational Life Insurance Company*, 2023 TSPR 118, resuelto el 29 de septiembre de 2023; *Oriental Bank v. Caballero García*, 2023 TSPR 103, resuelto el 23 de agosto de 2023; *González Meléndez v. Municipio Autónomo de San Juan y otros*, 2023 TSPR 95, resuelto el 24 de julio de 2023; *Acevedo y otros v. Depto. Hacienda y otros*, 2023 TSPR 80, 212 DPR ___ (2023); *Universal Ins. et als. v. ELA et al.*, 2023 TSPR 24, 211 DPR ___ (2023). Dicho mecanismo permite a los tribunales disponer, parcial o totalmente, de litigios civiles en aquellas situaciones en las cuales no exista controversia material de hecho que requiera ventilarse en un juicio plenario y el derecho así lo permita. *Segarra Rivera v. Int'l. Shipping et al.*, 208 DPR 964 (2022). Este mecanismo lo puede utilizar la parte reclamante o aquella parte que se defiende de una reclamación. 32 LPRA Ap. V, R. 36.1 y 36.2.

Mediante el mecanismo de sentencia sumaria, se procura profundizar en las alegaciones para verificar si, en efecto, los hechos

ameritan dilucidarse en un juicio. *León Torres v. Rivera Lebrón,* 204 DPR 20, 42 (2020). Este cauce sumario resulta beneficioso tanto para el tribunal, como para las partes en un pleito, pues se agiliza el proceso judicial, mientras simultáneamente se provee a los litigantes un mecanismo procesal encaminado a alcanzar un remedio justo, rápido y económico. *Segarra Rivera v. Int'l. Shipping et al.*, supra. Como se sabe, en aras de prevalecer en una reclamación, la parte promovente debe presentar prueba incontrovertible sobre todos los elementos indispensables de su causa de acción. *Íd.*

Nuestro ordenamiento civil y su jurisprudencia interpretativa impone unos requisitos de forma con los cuales hay que cumplir al momento de presentar una solicitud de sentencia sumaria, a saber: (1) una exposición breve de las alegaciones de las partes; (2) los asuntos litigiosos o en controversia; (3) la causa de acción sobre la cual se solicita la sentencia sumaria; (4) una relación concisa, organizada y en párrafos enumerados de todos los hechos esenciales y pertinentes sobre los cuales no hay controversia sustancial, con indicación de los párrafos o las páginas de las declaraciones juradas u otra prueba admisible en evidencia donde se establecen estos hechos, así como de cualquier otro documento admisible en evidencia que se encuentre en el expediente del tribunal; (5) las razones por las cuales se debe dictar la sentencia, argumentando el derecho aplicable, y (6) el remedio que debe ser concedido. 32 LPRA Ap. V, R. 36.3; *Oriental Bank v. Caballero García*, supra, pág. 8; *Pérez Vargas v. Office Depot*, 203 DPR 687 (2019). Si la parte promovente de la moción incumple con estos requisitos, "el tribunal no estará obligado a considerar su pedido". *Meléndez González et al. v. M. Cuebas*, 193 DPR 100, 111 (2015).

Por otro lado, "la parte que desafía una solicitud de sentencia sumaria no puede descansar en las aseveraciones o negaciones consignadas en su alegación". *León Torres v. Rivera Lebrón,* supra*,* pág. 43. Por el contrario, quien se opone a que se declare con lugar esta solicitud viene obligado a enfrentar la moción de su adversario de forma tan

detallada y específica como lo ha hecho la parte promovente puesto que, si incumple, corre el riesgo de que se dicte sentencia sumaria en su contra, si la misma procede en derecho. *Íd.*

Por ello, en la oposición a una solicitud de sentencia sumaria, la parte promovida debe puntualizar aquellos hechos propuestos que pretende controvertir y, si así lo desea, someter hechos materiales adicionales que alega no están en disputa y que impiden que se dicte sentencia sumaria en su contra. *León Torres v. Rivera Lebrón,* supra. Claro está, para cada uno de estos supuestos deberá hacer referencia a la prueba específica que sostiene su posición, según exigido por la Regla 36.3 de Procedimiento Civil, 32 LPRA Ap. V, R. 36.3. *Íd.* En otras palabras, la parte opositora tiene el peso de presentar evidencia sustancial que apoye los hechos materiales que alega están en disputa. *Íd.* De lo anterior, se puede colegir que, ante el incumplimiento de las partes con las formalidades de la Regla 36 de Procedimiento Civil de 2009, *supra*, la consideración de sus posiciones descansa en la sana discreción del Tribunal.

Al atender la solicitud, el Tribunal deberá asumir como ciertos los hechos no controvertidos que se encuentren sustentados por los documentos presentados por la parte promovente. *E.L.A. v. Cole*, 164 DPR 608, 626 (2005). Toda inferencia razonable que pueda surgir de los hechos y de los documentos se debe interpretar en contra de quien solicita la sentencia sumaria, pues solo procede si bajo ningún supuesto de hechos prevalece la parte promovida. *Íd.*, pág. 625. Además, al evaluar los méritos de una solicitud de sentencia sumaria, el juzgador o juzgadora debe actuar guiado por la prudencia y ser consciente, en todo momento, que su determinación puede conllevar el que se prive a una de las partes de su "día en corte", componente integral del debido proceso de ley. *León Torres v. Rivera Lebrón,* supra*, pág. 44.

Sin embargo, la sentencia sumaria generalmente no procederá cuando existan controversias sobre hechos esenciales materiales, o si la

controversia del caso está basada en elementos subjetivos como intención, propósitos mentales, negligencia o credibilidad. *Acevedo y otros v. Depto. Hacienda y otros*, supra; *Segarra Rivera v. Int'l. Shipping et al.*, supra. Un hecho material es aquel que puede afectar el resultado de la reclamación de acuerdo con el derecho sustantivo aplicable. *Oriental Bank v. Caballero García,* supra, pág. 7; *Mejías et al. v. Carrasquillo et al.*, 185 DPR 288, 299 (2012); *Ramos Pérez v. Univisión*, 178 DPR 200, 213 (2010). Ahora bien, el Foro de última instancia ha reiterado que cualquier duda no es suficiente para derrotar una moción de sentencia sumaria, pues debe tratarse de una incertidumbre que permita concluir que existe una controversia real sobre hechos relevantes y pertinentes. *Íd.* Además, existen casos que no se deben resolver mediante sentencia sumaria porque resulta difícil reunir la verdad de los hechos mediante declaraciones juradas o deposiciones. *Jusino et als. v. Walgreens*, 155 DPR 560, 579 (2001). De igual modo, no es apropiado resolver por la vía sumaria "casos complejos o casos que involucren cuestiones de interés público". *Íd.* No obstante, la sentencia sumaria procederá si atiende cuestiones de derecho. *Universal Ins. et als. v. ELA et al.*, supra.

El Tribunal Supremo de Puerto Rico ha discutido los criterios que este Tribunal de Apelaciones debe considerar al momento de revisar una sentencia dictada sumariamente por el foro de instancia. *Roldán Flores v. M. Cuebas et al.*, 199 DPR 664, 679-680 (2018); *Meléndez González et al. v. M. Cuebas*, supra, págs. 118-119. Sobre ese particular, nuestro más Alto Foro señaló que:

> [E]l Tribunal de Apelaciones debe: (1) examinar *de novo* el expediente y aplicar los criterios que la Regla 36 de Procedimiento Civil, *supra*, y la jurisprudencia le exigen al foro primario; (2) revisar que tanto la Moción de Sentencia Sumaria como su oposición cumplan con los requisitos de forma codificados en la referida Regla 36; (3) revisar si en realidad existen hechos materiales en controversia y, de haberlos, cumplir con la exigencia de la Regla 36.4 de Procedimiento Civil, 32 LPRA Ap. V, de exponer concretamente cuáles hechos materiales encontró que están en controversia y cuáles están incontrovertidos, y (4) de encontrar que los hechos materiales realmente están incontrovertidos, debe proceder a revisar *de novo* si el Tribunal de Primera Instancia aplicó correctamente el

Derecho a la controversia. *Roldán Flores v. M. Cuebas et al.,* supra, pág. 679.

Conforme a lo anterior, nos encontramos en la misma posición que el Tribunal de Primera Instancia para evaluar la procedencia de una sentencia sumaria. *Birriel Colón v. Supermercado Los Colobos (Econo Rial, Inc.) e Integrand Assurance Company*, 2023 TSPR 120, resuelto el 3 de octubre de 2023; *Serrano Picón v. Multinational Life Insurance Company*, supra; *González Meléndez v. Municipio Autónomo de San Juan y otros*, supra; *González Santiago v. Baxter Healthcare*, 202 DPR 281, 291 (2019). Por ello, nuestra revisión es una *de novo* y nuestro análisis debe regirse por las disposiciones de la Regla 36 de Procedimiento Civil, *supra*, así como de su jurisprudencia interpretativa. *González Meléndez v. Municipio Autónomo de San Juan y otros*, supra. A tenor con la referida normativa, dicha revisión se realizará de la manera más favorable hacia la parte que se opuso a la solicitud de sentencia sumaria en el foro de origen y realizando todas las inferencias permisibles a su favor. *Birriel Colón v. Supermercado Los Colobos (Econo Rial, Inc.) e Integrand Assurance Company*, supra; *Meléndez González et al. v. M. Cuebas*, supra, pág. 118. De esta manera, si entendemos que los hechos materiales realmente están incontrovertidos, debemos revisar *de novo* si el foro primario aplicó correctamente el derecho. *González Meléndez v. Municipio Autónomo de San Juan y otros*, supra.

A la luz de la normativa antes expuesta, procedemos a disponer de la controversia ante nuestra consideración.

**III**

Como primer señalamiento de error, la parte apelante sostiene que el Tribunal de Primera Instancia erró al declarar No Ha Lugar la moción en oposición y sentencia sumaria a su favor. En un segundo señalamiento de error, plantea que el foro primario incidió al descartar la admisibilidad de las Escrituras Número 73 y Número 18 ante notario público y no reconocer la titularidad y protección legal que brindan dichos instrumentos públicos. A su vez, como tercer señalamiento de error, alega que el foro *a quo* erró al

descartar la admisibilidad de las resoluciones sobre el expediente de dominio, las cuales arguye que fueron admitidas mediante sentencia de este Foro intermedio y no reconocer la titularidad que concede esta a favor de los apelantes sobre la finca número 17056, la cual lleva inscrita treinta y un (31) años. Como cuarto y último señalamiento de error, arguye que el foro de origen incidió al conceder el derecho a la parte apelada a solicitar rentas, sin que esta invocara su reclamación por la vía judicial y por escrito, no siendo hasta la radicación de la reconvención que procediera a reclamar rentas y esto ser en contra a lo dispuesto en *Molina González v. Álvarez Gerena*, 203 DPR 442 (2019). Por estar estrechamente relacionados entre sí, procederemos a discutir los cuatro señalamientos de error de manera conjunta.

Sabido es que, ante una solicitud de sentencia sumaria, esta Curia se encuentra en igual posición para efectuar un análisis *de novo* de los petitorios sumarios sometidos ante la consideración del foro primario. Tras evaluar las mociones sumarias presentadas y el expediente ante nos, colegimos que, ambas partes cumplieron sustancialmente con las formalidades y exigencias de la Regla 36 de Procedimiento Civil, *supra*, y su jurisprudencia interpretativa. De igual forma, el inciso (b) de la Regla 42.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 42.2, establece que el juzgador no está obligado a hacer determinaciones de hecho cuando este así lo estime por la naturaleza del remedio solicitado. Ahora bien, luego de examinar la totalidad del expediente ante nos, colegimos que no existen controversias sobre hechos medulares que impidan la solución de la presente causa por la vía sumaria. En su consecuencia, nos corresponde determinar si el derecho se aplicó correctamente.

Hemos examinado cuidadosamente *de novo* el trámite procesal, el expediente ante nos, los escritos de las partes, así como la normativa aplicable y concluimos que el Tribunal de Primera Instancia no erró en su determinación. Nos explicamos.

En su solicitud de sentencia sumaria parcial, la Sucesión de Genobeba Valentín, solicitó que se llevara a cabo el trámite de partición y adjudicación de la herencia. Esto fundamentado en que los documentos presentados por la parte apelante no constituían prueba suficiente para probar que Julio César Valentín había adquirido las participaciones de los demás herederos. Arguyó, además, que la parte apelante no logró establecer la dimensión del remanente del caudal hereditario y que era necesario identificar los bienes que componían el caudal, así como su valor. En su petitorio sumario, señaló que la parte apelante no logró demostrar que adquirió los bienes reclamados mediante el otorgamiento de una escritura pública conforme lo exigía el Código Civil de Puerto Rico de 1930. Además, indicó que Santiago no estaba apto al momento del otorgamiento de la escritura pública de compraventa de su participación. Por último, argumentó que el foro primario había emitido una resolución en la cual declaró inadmisibles los documentos privados en los cuales, alegadamente, la parte apelante había obtenido las participaciones de los herederos de Julio Valentín. Por lo que arguyó que la parte apelante había fallado en probar que se había realizado la compraventa de las respectivas participaciones de los demás herederos en el caudal de Valentín Lugo.

En oposición, la parte apelante señaló que la solicitud de sentencia sumaria parcial promovida por la parte apelada no cumplía con los requisitos de la Regla 36 de Procedimiento Civil, *supra*. Arguyó que Julio César Valentín adquirió la finca número 17056, sita en Utuado, mediante un procedimiento de expediente de dominio en el año 1979 y levantó por esto la doctrina de prescripción adquisitiva. Ello, debido a que, a la fecha de la presentación de la demanda en el año 2011, habían transcurrido treinta y dos (32) años desde la inscripción original de la finca en el Registro de la Propiedad. Levantó esta misma defensa sobre la participación hereditaria de la finca de 11.4053 cuerdas, debido a que Julio César Valentín había adquirido la participación de su madre, equivalente al cincuenta por ciento (50%) de su participación ganancial en la Escritura

Número 73, por lo cual había permanecido más de treinta (30) años en su posesión. Por último, arguyó que la parte apelada no tenía derecho a reclamar las rentas por las propiedades arrendadas debido a que ninguna de estas estaba incluida en el caudal hereditario, pues eran bienes privativos de Julio César Valentín.

Surge de la *Sentencia Parcial* apelada que el foro a *quo* determinó, con anterioridad a las peticiones sumarias, que los documentos privados que pretendía ofrecer como evidencia la parte apelante eran inadmisibles. En virtud de ello, no le concedió a Julio César Valentín la titularidad de los bienes objeto de esta controversia. Ante el escenario anterior, coincidimos con lo determinado por el foro primario que, en efecto, la parte apelante no ha logrado establecer que Julio César Valentín adquirió, en vida, las particiones correspondientes a los demás herederos.

Surge claramente del expediente ante nos que ha transcurrido más de una década desde la presentación de la acción sobre partición. Ambas partes han tenido oportunidad suficiente de realizar un descubrimiento de prueba adecuado. Sin embargo, aun en la etapa procesal avanzada en la cual se encuentra el presente pleito, la parte apelante no ha demostrado la adquisición de las participaciones de los demás herederos, conforme resuelto por el foro primario.

No pudiendo demostrar la adquisición de los bienes que forman parte del caudal hereditario, ni que estos eran bienes privativos y exclusivos de Julio César Valentín, entendemos que el argumento relacionado a las rentas devengadas por el arrendamiento de las referidas propiedades es incorrecto. Ello, debido a que, en este caso, son rentas cobradas mediante el uso exclusivo por un comunero de un bien común. En consecuencia, procedía dictar sentencia sumaria parcial a favor de la parte apelada.

En cuanto al argumento de prescripción adquisitiva que la parte apelante invoca nuevamente basándose en un expediente de dominio, colegimos que el foro primario resolvió correctamente en cuanto a que el Artículo 191 de la Ley Núm. 210-2015, conocida como la *Ley del Registro*

*de la Propiedad Inmobiliaria del Estado Libre Asociado de Puerto Rico*, 30 LPRA sec. 6297, expresamente dispone que el expediente de dominio se utiliza para justificar el dominio y no equivale a una acción declaratoria de usucapión. Por tanto, dicho expediente de dominio no es prueba de que Julio César Valentín hubiese adquirido la finca al amparo de la doctrina de prescripción adquisitiva y, por tanto, no le asiste la razón a la parte apelante.

En virtud de lo anterior, determinamos que el Tribunal de Primera Instancia no erró al emitir la *Sentencia Parcial* declarando Ha Lugar la solicitud de sentencia sumaria parcial promovida por la parte apelada. Por lo tanto, no se cometieron los errores señalados. En fin, al evaluar concienzuda y ponderadamente *de novo* los eventos procesales al palio de la normativa jurídica antes esbozada, coincidimos con la determinación del foro apelado.

**IV**

Por los fundamentos que anteceden, confirmamos el dictamen apelado.

Lo acordó y manda el Tribunal, y lo certifica la Secretaría del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones